## Fritz v. Hartman, Appellant.

*Decedents' estates—Claim for services—Board—Contract.*

Where several adult children arrange with their father that he should come and stay with each of them alternately under a stipulation on his part that he should pay no board, a son-in-law cannot after the death of his father-in-law claim from the latter's estate for board furnished and services rendered, without showing that the latter had agreed to a termination of the arrangement which he had made with his children. Letters written by the son-in-law to some of the children urging them to fix a price for the decedent's board, are not admissible to charge the decedent's estate with the board claimed by the son-in-law.

In such a case the fact that the father was feeble-minded is immaterial as some one could have been appointed to act for him.

Argued March 4, 1918. Appeal, No. 25, March T., 1918, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1915, No. 355, on verdict for plaintiff in case of William A. Fritz v. Isaiah Hartman. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Reversed.

Assumpsit for board and services rendered a decedent. Before EVANS, P. J.

At the trial it appeared that plaintiff claimed for board and nursing of Samuel Hartman, his father-in-law, for the last three years of his life. There was evidence which tended to show that Samuel Hartman under an arrangement with his children and the plaintiff went and stayed with each alternately under a stipulation that he should pay no board. There was no evidence that the decedent had agreed that this arrangement should cease. The court under objection and exception admitted in evidence letters written by the plaintiff to some of the children of decedent urging them to fix a price for the latter's board. (2, 3) The court refused binding instructions for defendant. (10)

Verdict and judgment for plaintiff for $584.   Defendant appealed.

*Errors assigned* were (2, 3) admission of letters quoting the bill of exceptions; (10) refusing binding instructions for defendant.

*Conway D. Dickson,* of *Dickson & Dickson,* for appellant.—Claims against a dead man's estate which might have been made against himself while living, are always subject to just suspicion: Carpenter v. Hays, 153 Pa. 432; Graham v. Graham, 34 Pa. 475; Miller's Est., 136 Pa. 239; Mueller's Est., 159 Pa. 590; Taylor v. Beatty, 202 Pa. 120; Weaver's Est., 182 Pa. 349; Sinsheimer v. Hartman, 19 Pa. Superior Ct. 494; Winfield v. Beaver Trust Co., 229 Pa. 530; Bradshaw's Est., 243 Pa. 114.

*G. W. Moon,* for appellee, cited: Ranninger's App., 118 Pa. 20; Winings v. Hearst, 17 Pa. Superior Ct. 314; Smith v. Milligan, 43 Pa. 107; Shumberger v. Hoy, 7 Pa. Superior Ct. 206; Evans' Est., 60 Pa. Superior Ct. 83.

OPINION BY TREXLER, J., October 30, 1918:

This is a claim by a son-in-law of the decedent for board furnished and services rendered to him for a period of three years preceding his death.   After his wife's death, seven years before, it is claimed that all the children, including the wife of the claimant, made an arrangement that their father should come and stay with each alternately.   The father stated at that time that he would pay no board to his children but preferred to live with strangers, rather than pay board to those of his own kin.   Of course, if decedent lived with plaintiff and his wife with the mutual understanding that he should pay nothing, the plaintiff could not charge for the services rendered as long as the status remained unchanged.

Letters were offered to show that the plaintiff, the son-in-law, became dissatisfied with the arrangement.   He

wrote to some of the children urging them to fix a price for the old man's board. The court allowed these letters to be offered in evidence to overcome the presumption that the board was to be furnished gratuitously. We think this was error. It was the father to whom the board was furnished. He was a party to the arrangements made among the children and if these were to terminate, he was the one to be informed. His liability could not be determined by any demand made upon someone else without his knowledge. There was evidence that the other children were willing to keep their father gratuitously. Under such circumstances, it is of course quite apparent that he should not be charged board unless he were informed as to the change of conditions. The attempt to prove that the father was feeble-minded does not help matters. If he was not able to act for himself the law provides ample means to have someone appointed to do so for him.

The second and third assignments of error must be sustained. The judgment is reversed with a venire facias de novo.